

Aaron's, Inc.
FEB 2 2018
Legal Department

# Notice of Service of Process

null / ALL
Transmittal Number: 17717818
Date Processed: 02/02/2018

| | |
|---|---|
| Primary Contact: | Ted Scartz<br>Aaron's, Inc.<br>400 Galleria Parkway SE<br>Attn: Legal Department Ste 300<br>Atlanta, GA 30339 |
| Electronic copy provided to: | Rebecca Ray<br>Jane Jacob<br>Kimberly Bryant |
| Entity: | Aaron's, Inc.<br>Entity ID Number  2728732 |
| Entity Served: | Aaron's, Inc. |
| Title of Action: | Harmony V. Peddy vs. Aaron's, Inc. |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Discrimination |
| Court/Agency: | St. Tammany Parish District Court, Louisiana |
| Case/Reference No: | 2018-10101 F |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 02/01/2018 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Laurie W. Maschek<br>985-641-3311 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



| | |
|---|---|
| HARMONY V. PEDDY | 22nd Judicial District Court |
| VS: #2018-10101 F | Parish of St. Tammany |
| AARON'S, INC. | State of Louisiana |

**TO THE DEFENDANT**   Aaron's, Inc., through its agent for service, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, LA 70802

**You are hereby summoned to comply** with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing an answer or other pleading, before the 22nd Judicial District Court, at the Justice Center, 701 N. Columbia Street, Covington, LA, in and for the Parish of St. Tammany, State of Louisiana, within **FIFTEEN (15)** days after the service hereof, under penalty of default judgment against you.

By order of the Honorable Judges of said Court this   8th   day of   January  , 2018.

*Melissa R. Henry*, Clerk of Court

BY:   **S/JESSICA OLIVIER**

                                     Jessica Olivier         Deputy Clerk

Issued: 1/16/18

---

Attorney: (P) or (D)
Laurie W. Maschek  Pl
Attorney at Law
118 Village St., Suite A
Slidell, LA 70458

A TRUE COPY

DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA
Jessica Olivier, Deputy Clerk
                                        , 2018,

Received on _____, 2018, and on _____

I served a true copy of the within _____

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from the Justice Center.

                                                        Deputy Sheriff

                    Parish of _____

101 - 15 day regular Citation
Rev 7/16

**FILED**

JAN 0 8 2018

MELISSA R. HENRY - CLERK
Deputy S/JESSICA OLIVIER

| | | |
|---|---|---|
| HARMONY V. PEDDY | * | 22ND JUDICIAL DISTRICT COURT |
| VERSUS | * | DOCKET NO.: 2018 – 10101 F |
| AARON'S, INC. | * | ST. TAMMANY PARISH, LOUISIANA |

*************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes, **HARMONY V. PEDDY**, resident of the City of Picayune, County of Pearl River, State of Mississippi, who respectfully files this complaint as follows:

1.

Made Defendant herein is:

A. Aaron's, Inc., a foreign corporation domiciled in Atlanta, Georgia, authorized to do and doing business in the Parish of St. Tammany, State of Louisiana.

2.

Plaintiff herein, **HARMONY V. PEDDY**, is an individual of the age of majority and resident of the County of Pearl River, State of Mississippi.

3.

Plaintiff, **HARMONY V. PEDDY**, originally filed a complaint against Defendant, AARONS RENTAL, on March 13, 2017, in suit bearing EEOC #461-2016-01866. After administrative investigation was had, Plaintiff received her right to sue letter from the Equal Employment Opportunity Commission thereby satisfying her administrative remedies according to law. (See Exhibit A)

4.

Jurisdiction is proper in this Court pursuant to La. R.S. Title 23 *et. seq.* and 28 U.S.C. § 1331 in that the causes of action outlined herein arise under the Constitution and laws of the United States, non-exclusively, Title VII of the civil rights act of 1964, 42 U.S.C. §2000e, *et. seq.*, 42 U.S.C. §1981(a).

5.

This Court has Jurisdiction over plaintiff's Louisiana State Law claims pursuant to 28 U.S.C. §1367(a) in that the State Law claims are so related to the Original Jurisdiction claims under Title VII that they form part of the same case or controversy.

6.

Venue is proper in this Court as Plaintiff was employed in the Parish of St. Tammany at the time of the incidents that form the basis of this litigation.

7.

Defendant, Aaron's, Inc., is vicariously and solidarily liable for the actions of its employees, managers and owners for all damages alleged herein, including but not limited to the actions of Defendant, Aaron's, Inc.

8.

Defendant is indebted unto Plaintiff for all sums as are reasonable under the premises, including but not limited to compensatory damages, special damages, punitive damages, attorney's fees, interest on attorney's fees, costs, with judicial interest thereon from the date of judicial demand until paid pursuant to Louisiana State Law and the Laws of the United States of America.

9.

Plaintiff, **HARMONY V. PEDDY**, began employment with Defendant, Aaron's, Inc., on August 22, 2000, in the capacity of Divisional Sales Manager, supervising over 100 Aaron's stores, and said stores were consistently top performers for the company.

10.

In 2007, while working at the Denham Springs, Louisiana Aaron's store, Plaintiff was hit on the head with a metal pineapple home accessory, suffering a concussion.

11.

On June 5, 2009, Plaintiff was working at the New Iberia Aaron's Rents warehouse, when a 50 pound beam fell on her head, resulting in a loss of consciousness, and with Plaintiff sustaining a severe concussion. She has been subsequently diagnosed with Post Concussive Syndrome with anrilty, migraine headaches, neurocognitive disorder, dyscalculia, anxiety and black-outs, causing permanent disabilities.

12.

Subsequent to the 2009 incident, Aaron's, Inc. accommodated Plaintiff's disabilities, permitting her to delegate computer tasks and allowing her extra time to complete other tasks, limiting the time she spent driving, as well as permitting her time to seek medical treatment and therapies. This accommodation worked well for all parties for several years, until Justin Hafer was hired to be Plaintiff's immediate supervisor.

13.

Plaintiff, **HARMONY V. PEDDY**, explained her disabilities and medical condition to Mr. Hafer. She informed him there were some tasks that she could not do, such as spreadsheets and word finding issues, and that it took her longer to learn new things, such as computer programs. Initially, Mr. Hafer said he could work within the constraints of Plaintiff's disabilities. However, he soon began complaining that Plaintiff had not completed spreadsheets as directed.

14.

Plaintiff contacted the Human Resources department of the company and let them know that she felt her job was in jeopardy because of her disabilities. She was directed by that department to get an updated workplace accommodation from her doctor. Mr. Hafer was advised by Human Resources of Plaintiff's necessary accommodations. Without the initial accommodations being continued under Mr. Hafer's supervision, Plaintiff's work product suffered and she experienced an increase in anxiety attacks and migraine headaches.

15.

Plaintiff followed all company policies regarding her ongoing disabilities and the reporting requirements of Aaron's, Inc. Nonetheless, Plaintiff was discharged in violation of the Americans with Disability Act on March 24, 2016.

16.

Plaintiff **HARMONY V. PEDDY**, has personally been subjected to and witnessed a hostile work environment in which she was expected to perform work tasks which she could not, due to her disabilities, as her new supervisor refused to accommodate her as had previously been done.

17.

Plaintiff was singled out and intentionally discriminated against by the defendant because of Plaintiff's disabilities in violation of Title I, American With Disabilities Act of 1990, 49 U.S.C. §12101, *et seq.*, La. R.S. 23:302 *et. seq.* and 42 U.S.C. §1981(a).

18.

The continued refusal to continue accommodating Plaintiff's disabilities by her immediate supervisor, Justin Hafer, continued from the date of his hire until Plaintiff's employment was terminated due to her disabilities.

19.

Plaintiff has suffered intentional infliction of emotional distress by Defendant on a continuing basis throughout her employment, constituting a continuing intentional tort.

20.

Due to the acts of the defendant outlined herein, Plaintiff suffered and continues to suffer:

A. Conscious pain and suffering;

B. Physical injury;

C. Great mental distress;

D. Humiliation;

E. Emotional distress;

F. Loss of income and employment;

G. Loss of employability;

H. Loss of benefits;

I. Loss of wages, past, present and future;

J. Loss of anticipated wages which would have resulted from promotion;

K. Loss of promotion;

L. Defamation;

M. Punitive Damages;

N. Attorney's fees;

O. Costs;

P. Interest on damages;

Q. Interest on attorney's fees; and

R.  Other losses and injuries which will be shown at trial on the merits.

21.

Plaintiff is entitled to attorney's fees pursuant to La. R. S. Title 23 §303(A) *et. seq.*, La. R.S. 23 §967, La. R.S. 23 §632, Title I of Americans With Disabilities Act of 1990 along with interest on attorney's fees according to law.

22.

Plaintiff is entitled to punitive damages pursuant to Title I of Americans With Disabilities Act of 1990 and 42 U.S.C. §1981(a).

23.

The Claims of plaintiff are continuing in nature and as a result relate back to the earliest date of discrimination.

WHEREFORE, Plaintiff **HARMONY V. PEDDY** prays that Defendant, AARON'S, INC., be served with a copy of this complaint and cited to appear and answer same within the delays provided by law and that after the expiration of all legal delays and after due proceedings are had that there be judgment rendered in favor of Plaintiff and against Defendant for such damages as are reasonable in the premises, including but not limited to general damages, special damages, statutory damages, punitive damages, attorney's fees and costs together with legal interest thereon from the date of judicial demand, interest on attorney's fees until paid and any other relief justice and equity demand.

Respectfully submitted,

*Laurie W Maschek*
LAURIE W. MASCHEK (#26681)
The Law Office of Laurie W. Maschek, LLC
118 Village Street; Suite: A
Slidell, Louisiana 70458
Telephone: (985) 641-3311
Facsimile: (985) 641-3340
**ATTORNEY FOR HARMONY V. PEDDY**

**PLEASE SERVE:**

AARON'S, INC.
Through its agent for service:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

A TRUE COPY
DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA
Jessica Olivier, Deputy Clerk

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Harmony V. Peddy
8007 Double Lake Road
Picayune, MS 39466

From: New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Room 809
New Orleans, LA 70130

**FILED** JAN 08 2018
MELISSA R. HENRY, CLERK
S/JESSICA OLIVIER
DEPUTY

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 461-2016-01866 | Ligita D. Landry, Supervisory Investigator | (504) 595-2876 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Keith T. Hill,
Director

NOV 13 2017
(Date Mailed)

Enclosures(s)

cc: Suzanne D. Taylor
Employment Lead Counsel
Aaron's, Inc.
400 Galleria Parkway
Suite 300
Atlanta, GA 30339

LAURIE W. MASCHEK
Attorney at Law
1350 Gause Boulevard West
Slidell, LA 70460


PLAINTIFF'S EXHIBIT A

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA): The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>461-2016-01866 |
|---|---|---|

Louisiana Commission On Human Rights                          and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mrs. Harmony V. Peddy | Home Phone (Incl. Area Code)<br>(615) 415-4271 | Date of Birth<br>1975 |
|---|---|---|

Street Address: 8007 Double Lake Road, Picayune, MS 39466

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>AARON'S RENTAL | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>678-402-3000 |
|---|---|---|

Street Address: 185 Gause Blvd., Slidell, LA 70460

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-24-2016    Latest: 03-24-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Aaron's Rental on August 22, 2000. Upon returning to work after maternity leave on May 7, 2015, I explained my medical condition to my new boss, Justin Hafer. I informed him that there were some things I could not do. I explained my disability and how I could not do spreadsheets; word finding issues; and how it takes me longer to learn new things like new computer programs or new ways of doing things. He looked over the paper work and told me that he could work with it. Everything was going fine until after my boss sent me an e-mail stating that he was upset because I did not send out information that he had requested. I contacted our home office AR department and let them know that I was feeling as if my job was in jeopardy because of my disability. I was informed to get an updated workplace accommodation sheet from my doctor because the one I had was too old. AR went over my accommodations with my boss. At this point, he said he would have Melissa do all of my spreadsheets for me. At the beginning of December 2016, Mr. Hafer failed to accommodate me by requesting that I put a spreadsheet at the bottom of my daily "Marketing Today" e-mail instead of the self-populating list of stores, I was expected to update the

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3-2-17
Date            Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

*Laurie W Maschek*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*  3/2/17

Laurie W. Maschek
Notary Public
LA Bar Roll # 26681
Notary # 66998
State of Louisiana
My Commission is For Life

EEOC Form 5 (11/09)

 

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 461-2016-01866 |

**Louisiana Commission On Human Rights** and EEOC
*State or local Agency, if any*

spreadsheet on my days off. I became overwhelmed. I went to my doctor and informed him of what was happening and he put me on disability. On March 24, 2016, I was constructively discharged as a Divisional S.M. earning $99,196.80 per year. The company employs over 500 persons.

No reason was given for the action taken against me.

I believe I have been discriminated against because of my disability, and retaliated against, in violation of the Americans with Disabilities Act, as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 3-2-17
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 3/2/17

Laurie W. Maschek
Notary Public
LA Bar Roll # 26681
Notary # 66993
State of Louisiana
My Commission Is For Life

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.