<u>Harmony V. Peddy v. Aaron's, Inc.</u>
Civil Action File No. 2:18-cv-01625-SSV-JCW

**Exhibit "1"**

| | |
|---|---|
| **HARMONY PEDDY** | * DOCKET NO. 18-00133   DISTRICT 09 |
| **VS** | * OFFICE OF WORKERS' COMPENSATION |
| **AARONS INC.**<br>**TRAVELERS PROPERTY CASUALTY**<br>**COMPANY OF AMERICA** | * STATE OF LOUISIANA |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## JOINT PETITION FOR SETTLEMENT
## OF WORKERS' COMPENSATION CLAIM

The joint petition of Harmony Peddy, referred to in this petition as "Worker"; Aarons Inc., referred to in this petition as "Employer"; and Travelers Property Casualty Company of America, a foreign insurer authorized to do and doing business in Louisiana and referred to in this petition as "Carrier"; respectfully represent:

**1.**

This is a petition for approval of a compromise settlement in accordance with La. R.S. 23:1272. Harmony Peddy worked as a divisional sales manager for Aarons Inc. On June 5, 2009, she was injured when a seven foot metal beam fell and struck the top of her head when she was kneeling looking for zip ties.

**2.**

The worker claims an average weekly wage of ▮▮▮▮▮ per week giving rise to a compensation rate of ▮▮▮▮▮ per week. The carrier has made the following payments to her on behalf of the worker:

Indemnity: ▮▮▮▮▮▮

Medical ▮▮▮▮▮▮

The Employer and Carrier are not going to pay any additional amounts for medical expenses, compensation benefits or otherwise, the compromise herein provided for being the final payment to or on behalf of the worker. The parties agree that the Carrier is responsible for reasonable and necessary medical expenses which are compensable under the Louisiana Workers' Compensation Act incurred up until this settlement is approved by the court. Ms. Peddy is responsible for all medical expenses incurred after this settlement is approved.

**3.**

As a result of the work accident, Ms. Peddy was diagnosed with a concussion, migraines, neck and back pain and head injury. She has treated with multiple physicians, including Dr. Glynn, a neurologist, and Dr. Booksh, a psychotherapist. Dr. Glynn reported that Ms. Peddy reached maximum medical improvement in 2013.

Pertinent medical records are attached.

**4.**

The parties agree that Ms. Peddy reached maximum medical improvement in 2013 as reported by Dr. Glynn. If applicable, the worker agrees to waive the requirement of La. R.S. 23:1271(a) which provides as follows:

> It is stated policy for the administration of the worker's compensation system of this state that it is in the best interest of the injured worker to receive benefits payments on a periodic basis. A lump sum payment or compromise settlement in exchange for full and final discharge and release of the employer, her Carrier, or both from liability under this chapter shall be allowed only: (1) upon agreement between the parties, including the Carrier's duty to obtain the employer's consent; (2) when it can be demonstrated that a lump sum payment is clearly in the best interests of the parties; and (3) upon the expiration of six months after termination of temporary total disability. However, such expiration may be waived by consent of the parties.

## 5.

To put an end to any and all disputes and to avoid any and all litigation in the matter, the Worker, the Employer and the Carrier have agreed to compromise and settle their disputes in conformity with and pursuant to the provisions of the Workers' Compensation Law of Louisiana. The Employer and Carrier have agreed to pay the Worker the sum of ███████████ ███████████████████████████████ **DOLLARS** cash in addition to the payments and expenses heretofore paid, in full, final and complete compromise settlement and release of any and all claims which the Worker has or may have against the Employer and Carrier, and their respective officers, directors, carriers, insurers, stockholders, successors, employees, attorneys and agents and successors, for compensation, medical benefits, rehabilitation benefits, indemnity benefits, permanent and total benefits, permanent and partial benefits, temporary benefits, supplemental earnings benefits, scheduled benefits, penalties, interest and any other sums due to the worker on account of the accident of June 5, 2009. The Carrier is responsible for reasonable and necessary medical expenses which are compensable under the Louisiana Workers' Compensation Act and which were incurred prior to this settlement being approved by the Judge. Ms. Peddy is responsible for all medical expenses incurred after this settlement is approved.

## 6.

This settlement paid to on behalf of the Worker constitutes a full and final settlement, acquittance, discharge, compromise and release of the Worker's claim for compensation, medical benefits, rehabilitation benefits, temporary total disability benefits, permanent total disability benefits, permanent partial disability benefits, supplemental earnings benefits, scheduled

benefits, penalties, interest, attorney fees and any other sum due to the Worker or to become due to the Worker, and absolves any and all liability which the Employer and Carrier and their respective officers, directors, carriers, insurers, stockholders, successors, employees, attorneys, agents and successors have or may have as a result of the June 5, 2009 injury to the Worker and the resulting compensation claim, whether said liability be under the laws of Louisiana or of any other state or the United States of America or of any foreign nation. The Carrier is responsible for reasonable and necessary medical expenses which are compensable under the Louisiana Workers' Compensation Act and which were incurred prior to this settlement being approved by the Judge. Ms. Peddy is responsible for all medical expenses incurred after this settlement is approved.

7.

The parties acknowledge that they are aware of the "Secondary Payer Statute", 42 USC Section 1395 y (b)(2) which provides, interalia, that Medicare will not pay for treatment related to a worker's compensation injury if there is a primary source of medical payments, such as a worker's compensation insurance carrier. The parties assert that they have considered Medicare's interests in this matter to the extent required by law. See attached affidavit regarding Medicare benefits. The parties affirm that the purpose of this settlement is not to improperly shift responsibility for payment of medical expenses to Medicare. The purpose of this settlement agreement is to provide the claimant with funds that will compensate her for past and future workers' compensation benefits, including medical benefits, and that will foreclose the Employer/Carrier's responsibility for such benefits. It is not the purpose of this settlement agreement to shift to Medicare the responsibility for payment of medical expenses for the treatment of work-related conditions, and the parties agree that the settlement includes an amount

sufficient to provide for future medical care, and the claimant agrees to expend such funds for future medical care related to the work-related conditions which are the subject of this settlement, and to keep records and accounting of such expenditures. Pursuant to the July 11, 2001 "All Associate Regional Administrators" memo by the Center for Medicare and Medicaid Services (CMS) and CMS guidance memos subsequent thereto, this case does not meet the threshold criteria for CMS review.

### 8.

This compromise is made subject to the approval of the Louisiana Office of Workers' Compensation Administration; the Worker is represented by counsel, Laurie Maschek; the Worker and the Worker's attorney have reviewed this document and the Worker's attorney recommends acceptance and approval of the proposed settlement by the Office of Workers' Compensation Administration. Attached is an affidavit of the Worker certifying that her attorney has explained her rights and the consequences of the settlement and that she understands her rights and the consequences of entering into this settlement. The Employer has been contacted and approves this settlement as noted in the attached verification signed by the attorney for Employer. The parties believe that the compromise settlement will provide substantial justice to all parties.

WHEREFORE, the parties pray that the proposed compromise settlement be approved by the Office of Workers' Compensation and that, accordingly Harmony Peddy receive from Travelers Property Casualty Company of America, insurer of Aarons Inc., the amount of ████████████████████████████████████████ DOLLARS in full and final settlement of any and all claims that she has or may acquire against Aarons Inc. and Travelers Property Casualty Company of America, or their respective officers, directors, carriers,

insurers, stockholders, employees, attorneys, agents and successors, for benefits under the workers' compensation laws of Louisiana as a result of the alleged accident of June 5, 2009.

HARMONY PEDDY

**LAURIE W. MASCHEK #**
1350 Gause Blvd. West
Slidell, Louisiana 70460
Telephone:     866-203-3440
Facsimile:      985-641-3340
E-Mail:         lauriem@lauriemaschek.com
**Attorney for Employee**

**PATRICIA MCKAY CLOTIAUX #01942**
3838 N. Causeway Blvd., Suite 3160
Metairie, Louisiana 70002
Telephone:     (504) 832-7630
Facsimile:      (855) 833-4259
E-Mail:         pclotiau@travelers.com
**Attorney for Employer and Carrier**

<u>**AFFIDAVIT**</u>

18-00133

STATE OF LOUISIANA

PARISH OF _____

BEFORE ME, the undersigned authority, personally came and appeared:

**HARMONY PEDDY**

who, being duly sworn, did depose and say:

That she is a person of the full age of majority; that the above and foregoing Receipt, Release and Indemnity Agreement and this Affidavit have been read by her; that she has fully discussed her physical and mental condition with physicians of her own choosing; that she understands that she is giving up all of her legal rights arising out of or resulting from the accident of June 5, 2009, in exchange for ████████████████████████████ ████████████ **DOLLARS** plus all compensation benefits and medical benefits heretofore paid; and that she has executed the attached Receipt, Release and Indemnity Agreement as her own free act and deed, in the presence of the witnesses whose names are subscribed thereon.

_____
HARMONY PEDDY

SWORN TO AND SUBSCRIBED

before me, this 22nd

day of December , 2017.

_____
NOTARY PUBLIC

PRINTED NAME: Haylie Kuenzi

NOTARY NUMBER: 1733997

Haylie Kuenzi
Notary Public
State of Kansas
My Appt. Expires 3/21/21

## AFFIDAVIT

18-00133

**STATE OF LOUISIANA**

**PARISH OF** _____

      **BEFORE ME,** the undersigned authority, personally came and appeared:

           **HARMONY PEDDY**

who, being duly sworn, did depose and say:

      That she is the Worker named in the above and foregoing Joint Petition for Approval for Compromise Settlement; that she is represented in this matter by attorney Laurie Maschek, that she has discussed with her attorney all of her legal rights arising out of or resulting from her accident which occurred June 5, 2009; that her attorney has explained to her her rights and the consequences of this settlement; that she understands her rights and the consequences of entering into this settlement; that she understands that she is giving up all of her legal rights arising from the June 5, 2009 accident only, in exchange for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ **DOLLARS,** plus the compensation and medical benefits heretofore paid; that she completely understands the ramifications of the settlement, including that she is forfeiting all of her rights under the Louisiana Workers' Compensation Act including all rights to receive compensation benefits, medical benefits, rehabilitation benefits, supplemental earnings benefits, scheduled benefits, benefits for permanent disfigurement, penalties, interest and any other benefit under the Compensation Act related to the June 5, 2009 accident; and that the Joint Petition is understood by her and that all of the allegations of fact therein contained are true and correct.

                   HARMONY PEDDY

SWORN TO AND SUBSCRIBED
before me, this ___22nd___

day of ___December___, 2017.

_____
NOTARY PUBLIC

Haylie Kuenzi
Notary Public
State of Kansas
My Appt. Expires 3/21/21

NOTARY PRINTED NAME: Haylie Kuenzi

NOTARY NUMBER: 113399?

## AFFIDAVIT

18-00133

STATE OF LOUISIANA

PARISH OF *St. Tammany*

BEFORE ME, the undersigned authority, personally came and appeared:

**LAURIE MASCHEK**

who, being duly sworn, did depose and say that she is the attorney for the Worker, HARMONY PEDDY, in the above and foregoing Joint Petition for Compromise Settlement; that she has explained to her client all of her client's rights and the consequences of this settlement; that her client has indicated that she understands those rights and the consequences of entering into this settlement; that she has reviewed all of the pleadings, medical reports, and all of the facts and issues pertinent to the claim for compensation and medical benefits of her client as well as the foregoing Joint Petition for Approval of Compromise Settlement in connection with the accident occurring on June 5, 2009; that she hereby states that the proposed settlement is fair and proper, that she recommends same to her client and urges that the Office of Workers' Compensation Administration approve same.

_Laurie W Maschek_
**LAURIE MASCHEK**

SWORN TO AND SUBSCRIBED

before me, this _27th_

day of _December_, 2017.

_____
NOTARY PUBLIC

NOTARY NUMBER: _76625_

PRINTED NAME: _Thomas B Delia_

OWC-DISTRICT 9
2018 JAN -9 PM 3 07

<u>**AFFIDAVIT**</u>

18-00133

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON**

BEFORE ME, the undersigned authority, personally came and appeared:

**PATRICIA McKAY CLOTIAUX**

who, being duly sworn, did depose and say that she is the attorney for Employer and Carrier in the above and foregoing Joint Petition for Compromise Settlement; that she has read the above and foregoing Petition; that the Employer has been contacted and concurs in this settlement; and that the matters therein contained are true and correct insofar as they pertain to allegations made on behalf of Employer, to the best of her knowledge, information and belief.

_____
**PATRICIA McKAY CLOTIAUX**

SWORN TO AND SUBSCRIBED

before me, this _2nd_

day of _January_ , 2017.

_____
**NOTARY PUBLIC**

PRINTED NAME: _Barbara M Wolff_

BAR OR NOTARY NO: _20582_

<u>Harmony V. Peddy v. Aaron's, Inc.</u>
Civil Action File No. 2:18-cv-01625-SSV-JCW

**Exhibit "2"**

## RESIGNATION AND AGREEMENT NOT TO ACCEPT RE-EMPLOYMENT

I, the undersigned, HARMONY PEDDY, acknowledge that I have resigned from AARON'S, INC. and agree to relinquish all rights to any benefits to which I may have been entitled as an employee, except for any and all accrued or accruable retirement/pension benefits or any other benefits which may be vested as of the date of the signing of this resignation.

I further agree never to seek employment with AARON'S, INC. or any of its affiliates or subsidiaries, at any time in the future. This Agreement is made as part of the settlement of my workers' compensation claim and I agree adequate consideration of ███████████ ████████████████████████████████ DOLLARS is being paid to me for this Agreement. I further agree that any future attempt on my part to become employed by the AARON'S, INC. or any of its affiliates or subsidiaries, represents an express violation of this Agreement and the Workers' Compensation Stipulation and Agreement. I also acknowledge that this Agreement becomes effective on the date of the approval of the Stipulation and Agreement, resolving my workers' compensation claim.

Effective this _22_ day of _December_, 2017.

_____
HARMONY PEDDY
DATE: _12 - 22 - 17_

Sworn to and Subscribed
before me this _22_
day of _December_, 2017.

_____
Notary Public

My commission expires: _3/21/21_
(AFFIX NOTARIAL SEAL)

**Haylie Kuenzi**
Notary Public
State of Kansas
My Appt. Expires _3/21/21_

<u>Harmony V. Peddy v. Aaron's, Inc.</u>
Civil Action File No. 2:18-cv-01625-SSV-JCW

**Exhibit "3"**

HARMONY PEDDY          \* **DOCKET NO.** 18-00133 **DISTRICT 09**

VS                       \* **OFFICE OF WORKERS' COMPENSATION**

AARONS INC.              \* **STATE OF LOUISIANA**
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ORDER

This matter has been presented to the Office of Workers' Compensation on joint petition verified by the parties at interest praying for approval of a compromise settlement entered into pursuant to the provisions of the Workers' Compensation Law of Louisiana, as amended. I have read and considered the petition of the parties at interest and the agreement of a compromise settlement contained therein, and I find the compromise settlement agreement to be fair, equitable, and consistent with the Workers' Compensation Law of Louisiana, and that it does substantial justice to the parties. Accordingly, it is **ORDERED, ADJUDGED AND DECREED** that the compromise contained in the above and foregoing petition be and the same is hereby approved and that the Employer and Carrier pay to **HARMONY PEDDY** the sum of ███████████████████████████

**DOLLARS** cash, in addition to any compensation payments and/or medical expenses that have heretofore been paid, said payments to be in full, final and complete compromise settlement and release of any and all claims which the said **HARMONY PEDDY** has or may have against Employer, Aarons Inc. and Carrier, Travelers Property Casualty Company of America, and their respective officers, directors, carriers, insurers, stockholders, employees, attorneys and agents and successors, and said Employer and Carrier are hereby discharged from any further duty or liability to **HARMONY PEDDY** under the Workers' Compensation Law of Louisiana arising out of the accident which occurred on June 5, 2009. The Carrier is responsible for compensable medical expenses which were incurred prior to the time this settlement is approved. All future medical expenses are the responsibility of Ms. Peddy.

HOUMA, LOUISIANA, this _10_ day of _January_, 2018.

_Elizabeth Lanier_

**JUDGE**      Elizabeth C. Lanier
**OFFICE OF WORKERS' COMPENSATION**
**DEPARTMENT OF LABOR**    TRUE COPY
**STATE OF LOUISIANA**
**DISTRICT 09**      JAN 10 2018

OWC HEARINGS DISTRICT 9

_Admin. Coor'r_

<u>Harmony V. Peddy v. Aaron's, Inc.</u>
Civil Action File No. 2:18-cv-01625-SSV-JCW

## Exhibit "4"

HARMONY PEDDY          * DOCKET NO. 18-00133 DISTRICT 09

VS                           * OFFICE OF WORKERS' COMPENSATION

AARONS INC.              * STATE OF LOUISIANA
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

 *   *   *   *   *   *   *   *   *   *   *   *   *

## ORDER

Considering the foregoing, and considering that movers' Joint Petition for Compromise Settlement has been approved, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Ms. Peddy's claims under the Louisiana Workers' Compensation Law arising out of her accident and injury on June 5, 2009, be and are hereby dismissed, with prejudice.

HOUMA, LOUISIANA, this _____10_____ day of _____January_____, 2018

_____
JUDGE'               Elizabeth C. Lanier
OFFICE OF WORKERS' COMPENSATION
STATE OF LOUISIANA
DISTRICT 09

2018 JAN -9 PM 3: 08

TRUE COPY

JAN 1 0 2018

OWC HEARINGS DISTRICT 9

APPROVED AS TO FORM AND SUBSTANCE:

HARMONY PEDDY

LAURIE W. MASCHEK # 26681
1350 Gause Blvd. West
Slidell, Louisiana 70460
Telephone:     866-203-3440
Facsimile:     985-641-3340
E-Mail:        lauriem@lauriemaschek.com
Attorney for Employee

PATRICIA MCKAY CLOTIAUX #01942
3838 N. Causeway Blvd., Suite 3160
Metairie, Louisiana 70002
Telephone:     (504) 832-7630
Facsimile:     (855) 833-4259
E-Mail:        pclotiau@travelers.com
Attorney for Employer and Carrier

<u>Harmony V. Peddy v. Aaron's, Inc.</u>
Civil Action File No. 2:18-cv-01625-SSV-JCW

**Exhibit "5"**

## RECEIPT, RELEASE AND INDEMNITY AGREEMENT

I, **HARMONY PEDDY**, do hereby acknowledge receipt of ██████████████ ██████████████████████████████ **DOLLARS** from Aarons Inc. and Travelers Property Casualty Company of America, in full payment of the compromise settlement herein approved by the Office of Workers' Compensation Administration.

As consideration for the aforesaid payment, I do hereby forever release the said Aarons Inc. and Travelers Property Casualty Company of America and their respective officers, directors, carriers, insurers, stockholders, successors, employees, attorneys and agents and any other persons or entities from all liability of any nature whatsoever, whether past, present or future, including any and all medical and physical therapy charges, wrongful termination from employment, retaliatory discharge, penalties, punitive damages, interest and attorney fees, and also including, but not limited to, all actions arising in damages, tort, workers' compensation, including all claims arising under the Louisiana Workers' Compensation Act, the laws of Louisiana, the laws of any State of the United States, or the law of the United States, including the Jones Act, the General Maritime Law, Louisiana tort law and the United States Longshore and Harbor Workers' Compensation Act, as a result of the injuries which occurred on or about June 5, 2009 and/or the resulting compensation claim filed with the Office of Workers' Compensation, Department of Labor, State of Louisiana.

In further consideration of the aforesaid payment, I warrant that I have discussed my physical and mental condition, and its alleged connection, if any, to my employment at Aarons Inc., with physicians of my own choosing.   I do further warrant that, in relation to any damages resulting from the June 5, 2009 accident, I am fully aware that in executing this Receipt, Release and Indemnity Agreement that I am completely giving up and discharging any and all rights that

I have or might hereafter have against Aarons Inc. and Travelers Property Casualty Company of America, their officers, directors, carriers, stockholders, successors, employees, attorneys and agents and all other persons or entities, or any of them; that nevertheless I am desirous of accepting the total sum of ███████████████████████████████████ ███████████ **DOLLARS**, plus all compensation and medical benefits heretofore paid in full settlement and discharge of all legal rights arising out of the accident on June 5, 2009 and/or the resulting compensation claim.

 As a further consideration, without which the sum of ██████████████████████ ███████████████████████████████ **DOLLARS** would not have been paid, the undersigned, Harmony Peddy, expressly agrees to indemnify, hold harmless and defend Aarons Inc. and Travelers Property Casualty Company of America, their officers, directors, carriers, stockholders, successors, employees, attorneys and agents of and from all actions, claims, cross-claims, third party complaints, counter-claims, reconventional demands, interventions and any other legal or administrative action by any person, firm or corporation that has arisen or may arise, directly or indirectly out of the injuries herein described due to the accident of June 5, 2009. I shall owe this duty of indemnity and defense irrespective of whether any such suits or claims are occasioned, brought about, or caused in whole or part by the negligence of the parties released, their agents, directors, officers, employees or servants, or by conditions, acts or omissions (whether or not in whole or part the responsibility of or occasioned by negligence or fault of the parties released, their agents, directors, officers, employees, or servants), which impose strict liability. I further agree to have any such claim, demand or suit investigated, handled, responded to and defended at no cost to the parties released, even if such claim, demand or suit is groundless, false or fraudulent.

In further consideration of the aforesaid payment, I do hereby covenant and agree that I will never hereafter make or file any claim or lawsuit against said Aarons Inc. and Travelers Property Casualty Company of America, their carriers, officers, directors, stockholders, successors, employees, attorneys and agents or any of them, for any matter, damage, injury, compensation benefit, medical benefit or any other right or debt arising out of or resulting directly or indirectly from the accident on June 5, 2009 and/or the resulting compensation claim.

In further consideration of the aforesaid payment, I warrant that I have read the terms of this Receipt, Release and Indemnity Agreement and that I fully understand the terms and provisions of same.

IN WITNESS WHEREOF, this instrument has been executed in multiple originals in the presence of the undersigned witnesses on this _____ day of _____ , 2018.

HARMONY PEDDY

<u>Harmony V. Peddy v. Aaron's, Inc.</u>
Civil Action File No. 2:18-cv-01625-SSV-JCW

**Exhibit "6"**





01271940-1